UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TROY CAPITAL LLC,<br><br>        Plaintiff(s),<br><br>  v.<br><br>PATENAUDE & FELIX APC, et al.,<br><br>        Defendant(s). | Case No. 2:20-CV-205 JCM (DJA)<br><br>ORDER |

  Presently before the court is defendants Patenaude & Felix APC ("P&F"), Raymond A. Patenaude, Michael D. Kahn, Angie Hong Hoar, Kristopher C. Childers, and Ryan Johnson's (collectively, "defendants") motion to vacate order, (ECF No. 33), and to allow additional time to file response. (ECF No. 39). Plaintiff Troy Capital, LLC responded, (ECF No. 43), to which defendants replied, (ECF No. 47).

  Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

  A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). In order to succeed on a motion to reconsider, a party must set forth facts or law

**James C. Mahan**
**U.S. District Judge**

of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

Defendants' counsel admits that it failed to calendar its response to plaintiff's motion for partial summary judgment. (ECF No. 39). This court ruled on the merits of plaintiff's motion for partial summary judgment nearly seven weeks after defendants' response deadline had passed. (ECF No. 33). However, defendants have sufficiently disclosed a "highly unusual circumstance": in addition to COVID-19 related closures—which would be insufficient on their own—defendant's counsels experienced separate and unexpected medical emergencies. (ECF No. 39).

Having addressed the factors in *Pioneer*, defendants have persuaded this court to grant their motion. *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993) (considering "the danger of prejudice to the . . . [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith").

Accordingly, the order granting in part and denying in part plaintiff's motion for partial summary judgment, (ECF No. 33), is vacated. Defendants shall have 7 days to respond to plaintiff's motion for partial summary judgment. (ECF No. 13). Thereafter, plaintiff shall have 7 days to reply.

IT IS SO ORDERED.

DATED August 24, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**