1

2

3

4                      UNITED STATES DISTRICT COURT

5                           DISTRICT OF NEVADA

6                                  * * *

7   TROY CAPITAL LLC,                          Case No. 2:20-CV-205 JCM (DJA)

8                          Plaintiff(s),                    ORDER

9        v.

10  PATENAUDE & FELIX APC, et al.,

11                         Defendant(s).

12

13          Presently before the court is plaintiff Troy Capital, LLC's motion for partial summary

14  judgment.  (ECF Nos. 13, 15).  Defendants Patenaude & Felix APC ("P&F"), Raymond A.

15  Patenaude, Michael D. Kahn, Angie Hong Hoar, Kristopher C. Childers, and Ryan Johnson

16  responded, (ECF No. 50), to which plaintiff replied, (ECF No. 51).

17          Also before the court is plaintiff Troy Capital, LLC, and third-party defendants, Rance

18  Willey and Troy Dupuis's, motions for summary judgment, or in the alternative, for dismissal, of

19  counterclaims.  (ECF No. 32).  Defendant/third-party plaintiff Patenaude & Felix APC

20  responded.  (ECF No. 42).

21          Also before the court is plaintiff and third-party defendants' motion for summary

22  judgment, or in the alternative, for dismissal, of defendants' amended counterclaims and third-

23  party complaint.  (ECF No. 49).  Defendant/third-party plaintiff responded, (ECF No. 53), to

24  which plaintiff and third-party defendants replied, (ECF No. 54).

25  I.      **Background**

26          The instant action arises from debt collection services performed by defendants for the

27  plaintiff in California and Arizona.  (ECF No. 1).  Plaintiff Troy Capital is a resident of Nevada.

28  (*Id.*).    Defendant P&F is a California professional corporation with offices in Arizona,

**James C. Mahan**
**U.S. District Judge**

1    California, and Nevada—along with other states.  (*Id.*).  Defendants Raymond Patenaude,

2    Michael D. Kahn, and Angie Hong Hoar are California attorneys.  *Id.*  Defendants Kristopher C.

3    Childers and Ryan Johnson are Arizona attorneys.  (*Id.*).

4    Plaintiff retained P&F for the purposes of debt collection on judgments in California and

5    Arizona; the parties entered into an attorney agreement (the "agreement") on July 14, 2016.

6    (*Id.*).  Substantively, the agreement provided that P&F would take all necessary steps to keep the

7    pre-judgment debts and obligations from expiring, to file suit and secure judgment on all viable

8    pre-judgment debts, and to collect on and renew all judgments.  (*Id.*).

9    Dissatisfied with P&F's work, plaintiff decided to transfer this work to new law firms—

10   Lippman Recupero in Tuscson, Arizona, and Goldsmith & Huyll in Northridge, California

11   (collectively "new counsel").  (*Id.*).  Plaintiff corresponded with P&F on December 7, 2018,

12   asking that it wind-up its work in Arizona and California and transfer its files to plaintiff's new

13   counsel.   (*Id.*).   Upon receiving the files, new counsel allegedly informed plaintiff that

14   "hundreds of pre-litigation collection accounts had become time barred while with

15   [d]efendant . . . for its failure to file suit within the statute of limitation, and that hundreds of

16   judgments had become time barred while with [d]efendant . . . for its failure to renew those

17   judgments."  (*Id.*).

18   On December 19, 2020, plaintiff filed its underlying complaint in state court alleging,

19   *inter alia*, breach of contract and legal malpractice.  (*Id.*).  Defendants removed to this court on

20   January 30, 2020, (*id.*), and on February 13, 2020, defendants unsuccessfully moved to dismiss

21   this action for lack of personal jurisdiction and *forum non conveniens*, (ECF Nos. 6, 23).

22   On July 31, 2020, defendants amended their answer to the complaint and counterclaims

23   against plaintiff and third-party defendants Rance Wiley and Troy Dupius—officers of Troy

24   Capital, LLC—alleging 1) fraud in the inducement, 2) concealment, and 3) fraudulent

25   misrepresentation.  (ECF No. 41).

26   Plaintiff moved for partial summary judgment on its first and third causes of action "for

27   breach of contract, and/or breach of fiduciary duty."  (ECF No. 13).  This motion pertains only to

28   201 of the 1,808 collection files that plaintiff gave to defendants for collection services.  (*Id.*).

**James C. Mahan**
**U.S. District Judge**

This court granted plaintiff's motion for partial summary judgment on the merits, (ECF No. 33), but reconsidered upon defendants' explanation for why they failed to brief any opposition. (ECF No. 48). With the motion now fully briefed, this court reexamines those issues alongside the parties' other pending motions. (ECF Nos. 32, 39, 49).

**II.    Legal Standard**

*A. Summary Judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court

James C. Mahan
U.S. District Judge

- 3 -

1   need not consider the nonmoving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S.

2   144, 159–60 (1970).

3        If the moving party satisfies its initial burden, the burden then shifts to the opposing party

4   to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith*

5   *Radio Corp.*, 475 U.S. 574, 586 (1986).  The opposing party need not establish a dispute of

6   material fact conclusively in its favor.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,

7   809 F.2d 626, 631 (9th Cir. 1987).  It is sufficient that "the claimed factual dispute be shown to

8   require a jury or judge to resolve the parties' differing versions of the truth at trial."  *Id.*

9        In other words, the nonmoving party cannot avoid summary judgment by relying solely

10  on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d

11  1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and

12  allegations of the pleadings and set forth specific facts by producing competent evidence that

13  shows a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.

14       At summary judgment, a court's function is not to weigh the evidence and determine the

15  truth, but to determine whether a genuine dispute exists for trial.  *See Anderson v. Liberty Lobby*,

16  *Inc.*, 477 U.S. 242, 249 (1986).  The evidence of the nonmovant is "to be believed, and all

17  justifiable inferences are to be drawn in his favor."  *Id.* at 255.  But if the evidence of the

18  nonmoving party is merely colorable or is not significantly probative, summary judgment may be

19  granted.  *See id.* at 249–50.

20       *B.  Motion to Dismiss*

21       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

22  can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short

23  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

24  8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not

25  require detailed factual allegations, it demands "more than labels and conclusions" or a

26  "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

27  (2009) (citation omitted).

28

James C. Mahan
U.S. District Judge

- 4 -

1    "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

2    U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

3    matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation

4    omitted).

5            In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

6    when considering motions to dismiss.  First, the court must accept as true all well-pled factual

7    allegations in the complaint; however, legal conclusions are not entitled to the assumption of

8    truth.  *Id.* at 678-79.  Mere recitals of the elements of a cause of action, supported only by

9    conclusory statements, do not suffice.  *Id.*

10           Second, the court must consider whether the factual allegations in the complaint allege a

11   plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when plaintiff's complaint

12   alleges facts that allow the court to draw a reasonable inference that defendant is liable for the

13   alleged misconduct.  *Id.* at 678.

14           Where the complaint does not permit the court to infer more than the mere possibility of

15   misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to

16   relief."  *Id.* at 679.  When the allegations in a complaint have not crossed the line from

17   conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

18           The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d

19   1202, 1216 (9th Cir. 2011).  The *Starr* court held that:

20                   First, to be entitled to the presumption of truth, allegations in a
                     complaint or counterclaim may not simply recite the elements of a
21                   cause of action, but must contain sufficient allegations of
                     underlying facts to give fair notice and to enable the opposing
22                   party to defend itself effectively.  Second, the factual allegations
                     that are taken as true must plausibly suggest an entitlement to
23                   relief, such that it is not unfair to require the opposing party to be
                     subjected to the expense of discovery and continued litigation.
24

25   *Id.*

26   **III.    Discussion**

27           As an initial matter, plaintiff's first motion to dismiss or for summary judgment on

28   defendants' counterclaims is denied as moot, (ECF No. 32), because defendants filed an

James C. Mahan
U.S. District Judge                                           - 5 -

1    amended answer, counterclaim, and third-party complaint, which now governs this matter.  (ECF

2    No. 41).   Accordingly, plaintiff and third-party defendants have filed a renewed motion to

3    dismiss or for summary judgment on the claims and allegations contained within defendants'

4    amended filings.  (ECF No. 49).

5         This court first examines plaintiff's motion for partial summary judgment.  (ECF No. 13).

6         *A.  Plaintiff's Motion for Partial Summary Judgment*

7         With the instant motion for partial summary judgment fully briefed, this court denies the

8    motion upon consideration of defendants' request for additional discovery pursuant to Federal

9    Rule of Civil Procedure 56(d).[1]  (ECF Nos. 13, 50, 51).

10        Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for

11   specified reasons, it cannot present facts essential to justify its opposition, the court may . . .

12   defer considering the motion or deny it."  Fed. R. Civ. Pro. 56(d).  Where "a summary judgment

13   motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue

14   discovery relating to its theory of the case, district courts should grant any [Rule 56(d)] motion

15   fairly freely."  *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck*

16   *Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).  This court finds such a situation here.  (ECF

17   No. 50).  The instant motion for partial summary judgment was filed less than a year after this

18   case was filed and before meaningful discovery.  (ECF Nos. 1, 13).  At this juncture, defendants

19   have properly invoked Rule 56(d) and explained why it is necessary.  (ECF No. 50).

20        This court exercises its discretion to find that the issues presented in plaintiff's motion

21   and defendants' opposition would benefit from additional discovery.  Plaintiff's motion for

22   partial summary judgment is denied.  (ECF No. 13).

23   . . .

24   . . .

25   . . .

26

27        [1] In making this request, defendants cite to Federal Rule of Civil Procedure 56(f).  The
     substance of that rule was amended into Rule 56(d) in 2010.  This court construes the request
28   pursuant to the appropriate rule in light of defendants' clear invocation of the rule and citation of
     *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*,
     323 F.3d 767 (9th Cir. 2003).

James C. Mahan
U.S. District Judge

1
2

    B.  *Plaintiff and Third-Party Defendants' Motion for Summary Judgment on Defendants'*
       *Counterclaims*

3
4
5

    Plaintiff and third-party defendants seek summary judgment, or in the alternative, dismissal of defendants' counterclaims: 1) fraud in the inducement, 2) concealment, and 3) fraudulent misrepresentation.  (ECF No. 49).

6
7
8
9

    In response to the instant arguments for summary judgment, defendants again seek to invoke Rule 56(d) here, citing the same issues as their response to the above motion for partial summary judgment.  (ECF No. 53).  As reasoned above, this court finds that additional discovery appropriate here as well.  (*Id.*).  Summary judgment on the counterclaims is denied.

10
11
12
13
14
15
16
17
18
19

    However, this court will examine the merits of plaintiff's request to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 49).  Plaintiff and third-party defendants argue that the counterclaims are pled with insufficient particularity.  (*Id.*).  Federal Rule of Civil Procedure 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. Pro. 9(b).  This "particularity" requirement demands the precise pleading of "the who, what, when, where, and how of the misconduct charged," as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.  *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010); *see Stickler v. AnswerConnect Teleservices, Inc.*, No. 3:15-CV-00271-LRH, 2015 WL 3935242 (D. Nev. June 26, 2015).

20
21
22
23
24
25
26
27
28

    Defendants' first and third counterclaims—for fraud in the inducement and fraudulent misrepresentation—are dismissed for failure to adhere to this heightened standard.  (ECF No. 49).  This court cannot construe the timing, location, context, individuals involved, or content of defendants' allegation from the pleadings.  Throughout the third-party complaint, defendants allege that "Willey and Dupuis" made certain representations or acted fraudulently.  (ECF No. 41).  Indeed, the third-party complaint fails to provide enough information on exactly who said what in the alleged situations.  "Claims that fail to identify which defendant is responsible for what alleged injury do not adequately place defendants on notice of the claim or claims being asserted against them." *Goodwin v. Executive Trustee Services, LLC*, 680 F. Supp. 2d 1244 (D.

**James C. Mahan**
**U.S. District Judge**

- 7 -

Nev. 2010). Furthermore, the specific fraudulent statements and misrepresentations are never identified—neither in content, place, nor time. (ECF No. 41). Although defendants do not merely recite the elements here, this court is unable to parse out the "numerous false representations" from the pleadings in a meaningful way, nor can the parties appropriately respond. (*Id.*). Thus, defendants' first and third counterclaims are dismissed.

On the other hand, defendants' second counterclaim for concealment is sufficiently pled and may proceed. (ECF Nos. 41, 53). The third-party complaint specifically states 1) what information was allegedly withheld and 2) how plaintiffs and counter-defendants allegedly had a duty to disclose that information. (ECF No. 41). There is sufficient information here for this court to examine, and for the parties to respond to, defendants' claim of concealment.

In summary, defendants' second counterclaim may proceed, while their first and second counterclaims are dismissed. (ECF No. 49). However, this court grants defendants' unopposed request for leave to amend their counterclaims and third-party complaint. (ECF No. 53).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for partial summary judgment (ECF No. 13) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff and third-party defendants' motion for summary judgment, or in the alternative, for dismissal, of defendants' counterclaims (ECF No. 32) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff and third-party defendants' motion for summary judgment, or in the alternative, for dismissal, of defendants' amended counterclaims and third-party complaint (ECF No. 49) be, and the same hereby is, GRANTED in part and DENIED in part.

DATED February 26, 2021.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 8 -