**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Troy Capital, LLC, | Case No. 2:20-cv-00205-JCM-DJA |
| Plaintiff, | |
| v. | **Order** |
| Patenaude & Felix APC, et al., | |
| Defendants. | |
| And related counterclaims. | |

This is a legal malpractice action arising out of a debt collection agreement between Plaintiff Troy Capital, LLC and Defendants Patenaude & Felix APC; Raymond A. Patenaude; Michael D. Kahn; and Angie Hong Hoar (collectively, "P&F"). Troy Capital claims that P&F committed malpractice by failing to maintain debt accounts which Troy hired P&F to maintain, resulting in the accounts becoming uncollectable. P&F asserted counterclaims against Troy Capital, Rance Willey, and Troy Dupuis (collectively, "Troy"), claiming that Troy misrepresented the nature of the accounts such that it was nearly impossible for P&F to collect on the accounts. P&F filed a motion to compel, arguing that Troy has withheld certain responsive information to interrogatories and requests for production. (ECF No. 107). Troy also filed a motion to compel, arguing that P&F refused to supplement or provide responsive documents to its discovery requests. (ECF No. 110).

Because the Court finds that P&F is entitled to further responses to certain of its discovery requests, it grants P&F's motion to compel in part and denies it in part. (ECF No. 107). Because the Court finds that Troy has not explained why P&F's responses to its discovery requests are deficient, it denies Troy's motion to compel. (ECF No. 110). The Court finds these matters properly resolved without a hearing. LR 78-1.

1   **I.     Standard.**

2           If a party resists discovery, the requesting party may file a motion to compel.  *See* Fed. R.

3   Civ. P. 37(a)(1), (a)(3)(B)(iii)-(iv) ("A party seeking discovery may move for an order

4   compelling an answer, [or] production ... if ... (iii) a party fails to answer an interrogatory

5   submitted under Rule 33; or (iv) a party fails to produce documents ... as requested under Rule

6   34.").  The motion must include a threshold showing that the requested information falls within

7   the scope of discovery under Rule 26.  *See Sanhueza v. Lincoln Technical Institute, Inc.*, No.

8   2:13-cv-2251-JAD-VCF, 2014 WL 6485797, at *2 (D. Nev. Nov. 18, 2014) (citing *Hofer v. Mack*

9   *Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).  To be discoverable under Federal Rule of Civil

10  Procedure 26(b)(1), information must be: (1) relevant to any party's claim or defense; and

11  (2) proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The party opposing discovery

12  has the burden of showing that the discovery is, among other things, irrelevant, overly broad, or

13  unduly burdensome.  *See Fosbre v. Las Vegas Sands Corp.*, No. 2:10-cv-00765-APG-GWF, 2016

14  WL 54202, at *4 (D. Nev. Jan. 5, 2016) (citing *Graham v. Casey's General Stores*, 206 F.R.D.

15  251, 253-54 (S.D. Ind. 2000)).  To meet this burden, the objecting party must specifically detail

16  the reasons why each request is objectionable.  *See Fosbre*, 2016 WL 54202, at *4.

17          Federal Rule of Civil Procedure 26(b)(2)(C) further limits discovery and allows the Court

18  to restrict discovery where it is "outside the scope of Rule 26(b)(1)."  Fed. R. Civ. P.

19  26(b)(2)(C)(3).  In deciding whether to restrict discovery under Federal Rule of Civil Procedure

20  26(b)(2)(C), the Court "should consider the totality of the circumstances, weighing the value of

21  the material sought against the burden of providing it, and taking into account society's interest in

22  furthering the truth-seeking function in the particular case before the court."  *Caballero v. Bodega*

23  *Latina Corp.*, No. 2:17-cv-00236-JAD-VCF, 2017 WL 3174931, at *3 (D. Nev. July 25, 2017)

24  (internal citations and quotations omitted).  Fed. R. Civ. P. 26 gives the Court broad discretion to

25  "tailor discovery narrowly and to dictate the sequence of discovery."  *See id.* (internal citations

26  and quotations omitted).

27

28

II.     **Discussion.**

    *A.     The Court grants in part and denies in part P&F's motion to compel.*

    <u>Interrogatory No. 21:</u>
    State the material terms of your agreement(s) to purchase of the
    Collection Accounts[1], including the date(s) when the accounts were
    purchased, the seller(s) of the accounts, and the amount(s) paid to
    purchase the accounts.

P&F argues that in later stipulating to an extension of deadlines, Troy "agreed to produce any information in their possession regarding the purchase agreements…with the focus being the approximately 234 files which were the subject of Plaintiff's earlier Motion for Summary Judgment." (ECF No. 107 at 14); (ECF No. 84 at 7); (ECF No. 85). Troy does not address the stipulation in response, but argues that only the accounts at issue in the litigation are relevant while the agreements P&F request "relate to thousands of accounts." (ECF No. 114 at 2, 5). Troy adds that it has already produced "the information it has reflecting the history of each of the disputed accounts…the identity of the seller, the date of purchase, the price paid for each account, and documents generated by attorneys who handled the California accounts before they were placed with P&F for handling." (*Id.*). In reply, P&F does not address these arguments.

The Court grants P&F's motion to compel a response to this interrogatory but limits the interrogatory to accounts at issue in this litigation. It appears that Troy already agreed to provide these purchase agreements after the parties agreed on a protective order, as memorialized in the parties' stipulation. And Troy appears to concede the relevance of purchase agreements for accounts at issue in the litigation. While Troy claims to have already produced "the information it has," this does not clarify for the Court whether Troy has supplemented its response to this interrogatory. Because Federal Rule of Civil Procedure 26(e)(1) requires supplement, the Court

---

[1] "Collection Accounts" is defined in P&F's interrogatories as "the underlying legal collection files that you placed with Patenaude & Felix APC between approximately August 2016 to December 2018, as alleged in your Complaint at paragraphs 29 through 36" (ECF No. 107-2 at 5). These lines of Troy's complaint provide that "Plaintiff delivered hundreds of files, debts, and judgments ("collection accounts") to Defendant, Law Firm for collection." (ECF No. 1-2 at 7).

thus grants P&F's motion to compel a response to this interrogatory.  The Court limits this interrogatory, however, only to the accounts at issue in this litigation.

> **Request for production No. 10:**
> Any and all documents that pertain to your purchase of the Collection Accounts, including, without limitation, any written purchase agreement(s) you entered in connection with the purchase.

P&F argues that Troy's objection to this request for production—that certain of the documents are privileged and irrelevant—fail.  (ECF No. 107 at 17).  P&F argues that Troy put the documents at issue by arguing that P&F wrongfully managed the accounts and thus, any privilege—if one applies at all—is waived and the documents are relevant to P&F's defense. (*Id.*).  P&F also states that Troy agreed to provide "servicing agreements" under a protective order but later "made clear that it would not provide *purchase and servicing* agreements, even if a stipulated confidentiality order were in place."  (*Id.* at 14-15) (emphasis added).  However, it is unclear whether Troy ever agreed to produce the *purchase* agreements (rather than just the information contained in those agreements as requested by interrogatory 21).  (*Id.*).

Troy does not address P&F's arguments about Troy's representations in the stipulation in response.  Troy argues instead that P&F has not explained why Troy's objections are not justified. (ECF No. 114 at 5).  Troy explains that it already produced "bills of sale…which are the documents reflecting the transfer of ownership."  (*Id.* at 4-5).  P&F does not address this argument in reply.

The Court denies P&F's motion to compel a response to this request for production.  Both sides' arguments were underdeveloped.  P&F does not explain whether the parties met and conferred about Troy producing *purchase* agreements (rather than service agreements) or whether Troy agreed to produce the agreements themselves (instead of just their content).  Troy, however, does not explain why the Court should consider "bills of sale" as a sufficient response to this request for production, other than stating that the bills of sale reflect a transfer of ownership. P&F does not reply.  Nonetheless, because the Court has already granted P&F's motion to compel Troy to explain the material terms of the purchase agreements in a response to Interrogatory No.

21, it will not compel a further response here.  The Court thus denies P&F's motion to compel a response to this request for production.

**Request for production No. 27:**
Any and all servicing agreements between you and any third-party in connection with the Collection Accounts, including, without limitation, EZ Loan(s).

P&F argues that Troy already agreed to "produce the servicing agreements requested, under an appropriate confidentiality/protective order" in the parties' previous stipulation.  (ECF No. 107 at 14).  But in a later meet and confer, Troy refused to produce servicing agreements "even if a stipulated confidentiality order were in place."  (*Id.*).  In response, Troy does not address its changing position.  It does, however, state that it "will agree to produce the servicing agreement with Easy [sic] Loans" and otherwise "has produced the information and documents Troy Capital has reflecting the history of each account."  (ECF No. 114 at 7).  In reply, P&F asks for sanctions, stating that Troy did not produce its servicing agreement with EZ Loans until after P&F filed its motion to compel.  (ECF No. 118 at 7).

The Court grants P&F's motion to compel a response to this request but limits it to the accounts at issue in this case and will require that the parties agree to the protective order they represented in their stipulation.  The Court also declines to grant sanctions.  Despite already representing that it will produce the servicing agreements under a protective order, Troy does not explain in its response why it changed its mind.  Nor does it explain why it withheld the EZ Loans servicing agreement until now.  The Court will thus grant P&F's motion to compel a response to this request and hold Troy to its representations to produce the servicing agreements once a protective order is in place.  As discussed previously, the request for production is limited to the accounts at issue in this litigation.

The Court also declines to grant sanctions.  Under Federal Rule of Civil Procedure 37(a)(5)(A)(iii), the Court may decline to award sanctions—even if a party waited until after a motion to compel to produce documents—if an award of expenses is unjust.  Fed. R. Civ. P. 37(a)(5)(A)(iii).  Here, P&F requests all its expenses incurred in bringing the motion to compel, including attorneys' fees.  But, as discussed above and below, the Court is granting the motion

1
2
3

only in part.  Because the EZ Loans servicing agreement is only a small portion of the documents P&F seeks to compel, granting P&F its attorneys fees for the entire motion based on this belated production would be unjust.

4
5
6
7
8

**Request for production No. 24:**
Any and all written communications (including but not limited to electronic communications) with legal counsel who handled the Collection Accounts prior to P&F, including, without limitation, Kenosian & Miehle, that pertain in any way to the Collection Accounts or the allegations in the Complaint.

9
10
11
12
13
14
15
16
17
18
19
20
21

P&F argues that it is entitled to Troy's communications with its former counsel— Kenosian & Miehle ("Kenosian")[2]—because the handling history and overall quality of the accounts is relevant to P&F's defense.  (ECF No. 107 at 17).  P&F explains that when Troy transferred the accounts from Kenosian to P&F, Troy told P&F not to communicate with Kenosian.  (*Id.* at 3).  Only later did P&F learn that the relationship between Kenosian and Troy had ended poorly and, because P&F could not communicate with Kenosian, it struggled to obtain substitution of attorney forms over the accounts.  (*Id.*).  This struggle was a contributing factor to the accounts lapsing, which led to Troy suing P&F.  (*See id.* at 3-4).  P&F also argues[3] that Troy waived the privilege between it and Kenosian by producing certain communications, which P&F argues constitutes a waiver of "all other such communications on the same subject."  (*Id.* at 20).  P&F adds that Troy agreed to "locate and produce specific missing attachments to an e-mail regarding attorney Kenosian, previously produced by [Troy] in discovery."  (*Id.* at 14).  P&F also

22
23

[2] This request for production refers to "legal counsel," but the parties' briefs do not refer to other legal counsel than Kenosian.  The Court thus confines its discussion to Kenosian.

24
25
26
27
28

[3] P&F also argues that Troy waived the privilege because "Troy continued to communicate with Kenosian about the accounts in dispute even after P&F was retained." (ECF No. 107 at 17).  But P&F does not provide authority for this statement.  Additionally, P&F cites authority that a client suing an attorney for malpractice is not then permitted to invoke the privilege to prevent that attorney from bringing forth evidence in defense of the charge.  (*Id.* at 18-19).  But P&F does not explain how this applies to the case at hand.  While Troy is suing P&F for malpractice, it is not asserting the privilege over communications between it and P&F.  Troy is asserting the privilege over communications between it and a third-party attorney: Kenosian.  Thus, the Court does not address these arguments.

asserts that Troy has not explained how the privilege applies or provided a privilege log.  (*Id.* at 19).

Troy responds that, just because P&F argues that the communications are relevant and necessary to its defense is insufficient to invade the privilege.  (ECF No. 114 at 8-9).  Troy argues that P&F failed to prove that Troy disclosed its communications with Kenosian because P&F did not attach the communications.  (*Id.* at 9-10).  Troy concludes that each account constitutes a separate lawsuit and thus, a separate privilege, so even if Troy waived some privileges, it has not waived them all.  (*Id.*).  Troy  does not respond to P&F's argument that Troy already agreed to produce email attachments.  P&F replies and reasserts that the communications are at issue in the litigation and thus, Nevada's "at issue waiver" doctrine applies.  (ECF No. 118 at 3-6).  As proof that Troy actually waived the privilege by producing certain of its communications with Kenosian, P&F attaches the communications Troy produced.  (ECF No. 118-1).

The Court denies P&F's motion to compel a response to this request for production at this time, but orders Troy to produce a privilege log of the communications it is withholding.  P&F has made a compelling argument that the information contained in Troy's emails to Kenosian are relevant to P&F's defense and counterclaims.  And Troy did not object to this request on relevance grounds, only on privilege grounds.  (ECF No. 107-5 at 14).  However, under Federal Rule of Civil Procedure 26(b)(5)(A), when a party withholds discoverable information on privilege grounds, they must expressly make the claim and describe the nature of the communications, commonly through a privilege log.  *See* Fed. R. Civ. P. 26(b)(5)(A); *see Cross v. Jaeger*, No. 3:13-cv-00433-MMD-WGC, 2015 WL 1412845, at *3 (D. Nev. March 27, 2015).  Despite objecting only on privilege grounds, Troy has not provided a privilege log which would allow P&F to assess Troy's claims of privilege.  As a result, this Court is also unable to assess Troy's claims of privilege or decide whether Troy has waived its privilege.  Without more specificity, P&F essentially seeks a blanket waiver while Troy seeks blanket protection.  The Court declines to grant either and denies P&F's motion to compel a response to this request at this time.  Troy must provide P&F with a privilege log in conformity with Rule 26(b)(5)(A) which

enables P&F to assess Troy's claims of privilege.  Troy must also produce the email attachments which it agreed to produce in the parties' stipulation to extend discovery.  (ECF No. 84 at 8).

> **Interrogatory No. 5:**
> Please identify all communications, correspondence and documentation between You and PMGI, LLC or its counsel concerning the Portfolio of Accounts.

P&F argues that because "PMGI was listed as a creditor and/or a prior owner of some of the accounts handled by PMGI," the information is relevant to its defense that some accounts were not collectable. (ECF No. 107 at 18).  P&F adds that the attorney-client privilege does not apply to Troy's communications with PMGI because PMGI is not a law firm. (*Id.*).  Troy responds that the information P&F seeks is protected by the attorney-client privilege, stating that "PMGI acted as an agent for the law firm Kenosian & Miele [sic], LLP." (ECF No. 114 at 7-10).  P&F replies that any privilege is waived by "at issue" waiver and because Troy produced certain portions of its communications with PMGI.  (ECF No. 118).

The Court denies P&F's motion to compel at this time, and orders Troy to produce a privilege log over the communications responsive to this request that it has withheld.  As a preliminary matter, neither party has explained how PMGI, LLC acted as an agent to Kenosian.  Additionally, while Troy made multiple objections to this interrogatory, the parties only address the attorney-client privilege.  (ECF No. 107-9 at 6-7).  But again, Troy has not provided a privilege log.  Without more, the Court will not provide a blanket waiver or blanket protection to such a broad category of communications.  The Court denies P&F's motion to compel a more complete response to this interrogatory at this time but orders Troy to produce a privilege log.  This log must be in conformity with Rule 26(b)(5)(A) and enable P&F to assess Troy's claims of privilege over the communications with PMGI and PMGI's counsel that Troy is withholding that are otherwise responsive to this request.

> **Interrogatory No. 8:**
> Please identify all communications and documents, including but not limited to service agreements and the dates such service agreements were entered into, from 2015 to present, between:

1

2

3

> (a) Troy and United Collection Corporation; (b) Easy Loan(s) and
> PMGI, LLC; (c) Easy Loan(s) and Troy; (d) Troy and PMGI, LLC;
> (e) Troy and any other person(s) not listed in this interrogatory who
> are or who at any time have been servicers on the Portfolio of
> Accounts.

4       P&F argues that Troy "agreed to produce the servicing agreements requested, under an

5   appropriate confidentiality/protective order." (ECF No. 107 at 14). Troy responds that it has—

6   regarding 8(a)—already explained that it does not have a service agreement with United

7   Collection Corporation. (ECF No. 114 at 3). Regarding 8(b)-(e), Troy argues that the request is

8   overbroad because it is not limited to the accounts at issue in the litigation and seek "all

9   communications and documents." (*Id.* at 6-7). P&F does not address Troy's arguments in reply.

10      The Court grants P&F's motion to compel a more complete response to this interrogatory

11  in part. As discussed more fully above, the Court is holding Troy to its prior representations that

12  it will produce servicing agreements under a protective order. Once Troy produces these

13  servicing agreements, it must also supplement its response to this interrogatory under Federal

14  Rule of Civil Procedure 26(e).

15      The Court denies P&F's motion to compel a more complete response to the remainder of

16  this interrogatory. As Troy pointed out, this interrogatory is overly broad because it is not limited

17  to the accounts at issue in this litigation. Additionally, it requests *all* communications *and*

18  documents from at least five different sources. Troy has also already answered that it does not

19  have a servicing agreement with United Collection Corporation and the Court cannot order it to

20  produce something that does not exist.

21      **Interrogatory No. 9:**

22      Please identify all communications and documentation between the
        following entities from 2015 to present: (a) Counsel for Troy and
23      Counsel for United Collection Corporation; (b) Counsel for Easy
        Loan(s) and counsel for PMGI, LLC; (c) Counsel for Easy Loan(s)
24      and counsel for Troy; (d) Counsel for Troy and counsel for PMGI,
        LLC; (e) Counsel for PMGI, LLC and Kenosian & Miele, LLP [sic];

25

26

27

28

1

(f) Counsel for Troy and any other loan servicer not listed in this interrogatory.

2

3       P&F's argument regarding this interrogatory is limited, stating only that "[s]ince Troy has

4 placed at issue the quality of the portfolio of accounts, P&F is entitled to see any and all

5 communications between Troy and any third parties that directly handled the portfolio prior to it

6 being placed with P&F for collection."  (ECF No. 107 at 18).  P&F extends its privilege

7 arguments to this interrogatory as well.  (*Id.* at 18-19).  Troy responds that P&F has failed to

8 explain why Troy's responses to (a) through (e)—in which it both explains that it does not have

9 responsive information to (a), (c), and (e) and identifies responsive information to (b) and (d)—

10 are insufficient.  (ECF No. 114 at 2-3); (ECF No. 107-9 at 11-12).  Troy adds that (f) is overbroad

11 because it is not limited to the accounts at issue and that the information sought is protected by

12 the attorney-client privilege.  (*Id.* at 6-7).  P&F does not address the breadth of this request in

13 reply or the answers that Troy provided.  P&F does, however, argue that Troy waived the

14 attorney-client privilege.

15       The Court denies P&F's motion to compel a more complete response to this interrogatory.

16 Despite the breadth of the interrogatory and compound nature of its request, Troy has already

17 provided certain information and identified where it does not have anything to provide.  But P&F

18 does not address these responses.  Because P&F has not argued why Troy's responses are

19 insufficient, the Court denies P&F's motion to compel a more complete response to this

20 interrogatory.

21       **Interrogatory No. 15:**

22 Please identify all documents related to collection reporting on the Portfolio of Accounts, including but not limited to liquidation and

23 performance reports, from your date of purchase of the Portfolio of Accounts through the present.

24

25       P&F argues only that the information it seeks in this interrogatory is relevant.  (ECF No.

26 107 at 18).  It does not raise any other arguments specific to this interrogatory.  Troy responds

27 that it has already identified documents specific to this request and P&F has failed to explain why

28

1   those documents are insufficient.  (ECF No. 114 at 3).  P&F does not address this argument in

2   reply.

3         The Court denies P&F's motion to compel a more complete response to this interrogatory.

4   P&F did not provide a complete argument to address this interrogatory.  Troy, however, has

5   argued that it has already responded to this interrogatory, which argument P&F did not address.

6   Without more, the Court will not grant the motion to compel regarding this interrogatory.

7         **Interrogatory No. 17:**
        Please identify the person(s) from whom You purchased the
8        accounts in the Portfolio of Accounts, including the date of purchase
        and purchase price of each account, or if purchased as a portfolio,
9        the price of the Portfolio of accounts as a whole.

10

11        P&F argues only that the information it seeks in this interrogatory is relevant.  (ECF No.

12  107 at 18).  (ECF No. 107 at 17-18).  Troy argues that it has already provided the information

13  requested by this interrogatory by providing bills of sale showing the entities from which it

14  purchased each account.  (ECF No. 114 at 4).  P&F does not address this argument in reply.  The

15  Court denies P&F's request to compel a more complete response to this interrogatory.  It will,

16  however, require Troy to supplement its response as required by Federal Rule of Civil Procedure

17  26(e)(1) to the extent Troy has not supplemented its response to incorporate the information in the

18  bills of sale.

19
        **Interrogatory No. 18:**
20       Please identify every person, as defined above, with whom there has
        been communication regarding potential representation, or referrals
21       for potential representation, related to the Portfolio of Accounts
        from 2014 to present, including the dates You communicated with
22       said person(s).

23

24        P&F argues only that the information it seeks in this interrogatory is relevant.  (ECF No.

25  107 at 18).  (ECF No. 107 at 17-18).  Troy argues that it has already responded to this

26  interrogatory and P&F has not explained how that response is deficient.  (ECF No. 114 at 2-3).

27  P&F does not address this argument in reply.

28

1       The Court denies P&F's request to compel a more complete response to this interrogatory.

2   Troy has already responded.  And P&F has failed to argue why a more complete response is

3   necessary.

4              **Interrogatory No. 20:**

5              How many times has Troy previously moved judgment accounts
           from one firm to another?

6

7       P&F argues only that the information it seeks in this interrogatory is relevant.  (ECF No.

8   107 at 18).  (ECF No. 107 at 17-18).  Troy argues that the interrogatory is unclear because it

9   neither defines "judgment accounts" or what qualifies as "moving" an account.  (ECF No. 114 at

10   10).  P&F does not address this argument in reply.  Without more, the Court denies P&F's motion

11   to compel a more complete response to this interrogatory.

12       **B.**    ***The Court denies Troy's motion to compel.***

13              **Interrogatory No. 2:**

14              Please identify each account (listed within the Declaration of Angela
           Kresila, in Support of Reply to Opposition to Motion for Summary

15              Judgment and the accompanying Amended Spreadsheet, attached as
           Exhibit 1), in which you did not receive a copy of the judgment

16              entered in the court case corresponding to that account.

17              **Interrogatory No. 3:**

18              Please identify each account (listed within the Declaration of Angela
           Kresila, in Support of Reply to Opposition to Motion for Summary

19              Judgment and the accompanying Amended Spreadsheet, attached as
           Exhibit 1), in which you were unable to locate information about the

20              applicable court case corresponding to each account in the
           respective Court's online records.

21              **Interrogatory No. 4:**

22              Please identify each account (listed within the Declaration of Angela
           Kresila, in Support of Reply to Opposition to Motion for Summary

23              Judgment and the accompanying Amended Spreadsheet, attached as
           Exhibit 1), regarding which you advised Troy Capital LLC of a

24              specific reason that you could not proceed with the renewal of
           Judgment.

25              **Interrogatory No. 5:**

26              Please identify each account (listed within the Declaration of Angela
           Kresila, in Support of Reply to Opposition to Motion for Summary

27              Judgment and the accompanying Amended Spreadsheet, attached as

28

Exhibit 1), for which you were unable to renew the judgment due to lack of supporting documentation.

**Interrogatory No. 6:**

Please identify each account (listed within the Declaration of Angela Kresila, in Support of Reply to Opposition to Motion for Summary Judgment and the accompanying Amended Spreadsheet, attached as Exhibit 1), wherein you were unable to obtain service of the consumer.

**Interrogatory No. 21:**

Please identify each and every employee, including all attorneys, paralegals, law clerks, secretaries, assistants, accountants, or other employees, current or former, including contact information, who worked for you at any location between August 2016 through December 2018.

Troy argues that P&F has "wrongfully refused to supplement the most recent version of their responses" to these interrogatories. (ECF No. 110 at 17). Troy's only other argument regarding these interrogatories is that they are relevant and proportional. (*Id.* at 18). In response, P&F attaches its supplemental responses, which it produced before Troy brought its motion. (ECF No. 117 at 2); (ECF No. 117-1). The supplemental responses to interrogatories 2-6 are identical:

Defendant refers Plaintiff to the additional account records produced previously, including without limitation, the collectability review matrix at P&F18202 and the respective Internal Case Notes organized and indexed by file number at P&F017311-18201.

(ECF No. 117-1 at 5-8).

The supplemental response to interrogatory 21 identifies individuals who worked with and would have knowledge of Troy's collection files. (*Id.* at 16). For the remainder of the identical supplemental responses, P&F explains that the collectability review matrix is a "comprehensive Excel spreadsheet, in electronic form, which identifies and details the case handling history of each of the individual collection accounts." (ECF No. 117 at 3). It adds that P&F has "bate stamped, organized and indexed all of [the over 18,000 pages of records it has produced] down to the individual collection account level in order to render the documents useful and accessible for purposes of discovery and trial." (*Id.*). Troy does not reply.

The Court denies Troy's motion to compel a more complete response to these interrogatories.   Although P&F's supplemental responses, other than to 21, are nearly identical and point Troy to the same spreadsheet and case notes, Troy does not argue that they are insufficient, unorganized, or unworkable.  *See American General Life Ins. Co. v. Vistana Condominium Owners Ass'n*, No. 2:12-cv-01324-JAD-NJK, 2014 WL 2041950, at *4 (D. Nev. May 16, 2014).  Troy has not argued that the responses are akin to a document dump or create unnecessary obstacles for it.  *See id.*; *see Residential Constructors, LLC v. Ace Property and Casualty Ins. Co.*, No. 2:05-cv-01318-BES-GWF, 2006 WL 1582122, at 2 (D. Nev. June 5, 2006).  And although the responses are all nearly the same, P&F has shown that it has supplemented its responses under Federal Rule of Civil Procedure 26(e).  The Court cannot make these arguments on Troy's behalf or assume that P&F's responses are deficient.  The Court denies Troy's motion to compel regarding these interrogatories.

**Request for production No. 3:**
For any accounts you identified in Interrogatory #2, produce any and all documents showing that you did not receive a copy of the Judgment entered in the case.

**Request for production No. 4:**
For any accounts you identified in Interrogatory #3, produce any and all documents showing that you were either unable to locate information about the applicable court case corresponding to each account in the respective Court's online records or that no such information was available on the respective Court's online records.

**Request for production No. 5:**
For any accounts you identified in Interrogatory #4, produce any and all documents showing that Troy Capital LLC ignored or denied any requests by you to obtain copes of pleadings from that respective Court's records.

**Request for production No. 6:**
For any accounts you identified in Interrogatory #5, produce any and all documents showing that you advised Troy Capital LLC of a specific reason that you could not proceed with the renewal of Judgment.

**Request for production No. 7:**

For any accounts you identified in Interrogatory #6, produce any and all documents showing that you were unable to proceed due to lack of supporting documentation.

**Request for production No. 8:**

For any accounts you identified in Interrogatory #6, produce a list of what documents or information was missing.

**Request for production No. 9:**

For any accounts you identified in Interrogatory #7, produce any and all documents showing that you filed a lawsuit on behalf of Troy Capital LLC and were unable to obtain service of the consumer, including proof of service attempt.

Troy's arguments regarding these requests for production are underdeveloped. (ECF No. 110). It argues broadly that P&F has refused to produce relevant documents and that the requests seek relevant and proportional information. (*Id.* at 18-19). The only argument Troy makes that P&F's responses and supplemental responses are deficient relates to request for production 8 and 9, in response to which P&F asserted it did not have responsive documents. (*Id.*). Troy asserts, if [P&F] were adhering to the standards contained in the contract at issue for data entry and use of the You've Got Claims and/or COGENT system, those documents would exist." (*Id.*). But Troy provides no further explanation about the You've Got Claims and COGENT systems.

P&F's supplemental responses to each of these requests—including 8 and 9—are identical to each other and nearly identical to its responses to interrogatories 2-6:

Defendant refers Plaintiff to the additional account records produced previously, including without limitation, the collectability review matrix at P&F18202 and the respective Internal Case Notes organized by file number at P&F017311-18201. Defendant has no further responsive records to this request beyond those previously produced.

(ECF No. 110 at 8-12).

P&F's argument—that its response reflects an organized and useful production—remains the same for these responses. (ECF No. 117). P&F asserts that even the absence of records which certain of Troy's requests seek "is reflected in the case handling notes and collectability matrix for the collection accounts." (*Id.* at 3). Troy does not reply.

1    The Court denies Troy's motion to compel a more complete response to these requests for

2    production.  Although P&F's supplemental responses are nearly identical and point Troy to the

3    same information, Troy again does not argue that they are insufficient, unorganized, or

4    unworkable.  Nor does it argue that the responses constitute a document dump or create

5    unnecessary obstacles.  And Troy's single argument—regarding the You've Got Claims and

6    COGENT system—provides little context to the Court.  Because the Court cannot make these

7    arguments on Troy's behalf or assume the deficiency of P&F's responses, it denies Troy's motion

8    to compel regarding these requests.

9

10   **Interrogatory No. 1 (to Defendant Raymond A. Patenaude):**

11   Please identify each account (listed within the Declaration of Angela
     Kresila, in Support of Reply to Opposition to Motion for Summary
12   Judgment and the accompanying Amended Spreadsheet, attached as
     Exhibit 1), in which Troy Capital LLC ignored or denied any
13   requests to obtain copies of pleadings from that respective Court's
     records directly.

14

15   Troy's arguments regarding this interrogatory are, like its other arguments,

16   underdeveloped.  (ECF No. 110).  It argues only that the requests seek relevant and proportional

17   information.  (*Id.* at 20).  Patenaude's supplemental response to this interrogatory is the same as

18   P&F's responses to the other discovery requests at issue in this motion:

19   Defendant refers Plaintiff to the additional account records produced
     previously, including without limitation, the collectability review
20   matrix at P&F18202 and the respective Internal Case Notes
     organized and indexed by file number at P&F017311-18201.
21

22   (*Id.* at 12).

23

24   In response, P&F explains that Patenaude was entitled under Federal Rule of Civil

25   Procedure 33(d) to "refer to business records, as opposed to providing a narrative response, if

26   those business records are clearly identified."  (ECF No. 117 at 4).  Because the collectability

27   matrix lists each account and identifies the specific problems and missing records in each, and

28

1    because the internal case notes describe the problems P&F encountered with each account, P&F

2    argues that the response is appropriate.  (*Id.*).  Troy does not reply.

3         The Court denies Troy's motion to compel a more complete response to this interrogatory.

4    Again, Troy has not argued Patenaude's supplemental response is insufficient.  Instead, P&F has

5    explained why the response is organized and usable.  The Court denies Troy's motion to compel

6    regarding this interrogatory.

7

8         **IT IS THEREFORE ORDERED** that P&F's motion to compel (ECF No. 107) is

9    **granted in part and denied in part** as stated herein.

10         **IT IS FURTHER ORDERED** that Troy's motion to compel (ECF No. 110) is **denied.**

11

12         DATED: March 28, 2022

13

14    _____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE