UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TROY CAPITAL LLC, | Case No. 2:20-CV-205 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| PATENAUDE & FELIX APC, et al., | |
| Defendant(s). | |

Presently before the court is defendant Kristopher Childers ("Childers")'s motion to dismiss plaintiff's complaint. (ECF No. 113). Plaintiff Troy Capital, LLC ("Troy") filed a response (ECF No. 119), to which Childers replied (ECF No. 122).

Also before the court is defendant Ryan Johnson ("Johnson") (with Childers, "defendants")'s motion to dismiss plaintiff's complaint. (ECF No. 116). Troy filed a response (ECF No. 120), to which Johnson replied (ECF No. 124).

**I.     Background**

The instant action arises from debt collection services performed by Patenaude & Felix APC ("P&F") for Troy. Troy retained P&F, a law firm, to collect on judgments in California and Arizona. (ECF No. 1). Childers and Johnson worked for P&F as associate attorneys at the time. (*Id.*) Allegedly, P&F failed to collect on some of the judgments, and Troy has brought suit against the law firm and several of its employee attorneys on a variety of contractual claims. (*Id.*) Troy purports to have served the complaint on Johnson and Childers by leaving copies with the paralegal for the P&F's Nevada registered service agent. (ECF No. 1-5 at 3, 6). Johnson and Childers are both Arizona residents and are no longer employed at P&F. *See* (ECF No. 1-4 at 3).

**James C. Mahan**
**U.S. District Judge**

Defendants now move to dismiss the complaint against them because of this alleged deficiency in service. (ECF Nos. 113; 116).

## II. Legal Standard

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D.Cal. 2005) (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F .2d 476, 488 (3d Cir. 1993)). Assuming insufficiency of process or insufficiency of service of process, the Court has discretion to dismiss an action or simply quash service. *See e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976)) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

Rule 12(b)(5) allows a defendant to move to dismiss based on insufficient service. FED. R. CIV. P. 12(b)(5). This type of claim challenges the manner and method of service. *Id.* Without compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir.1988).

## III. Discussion

Defendants bring nearly identical motions to dismiss plaintiff's complaint for insufficient service of process. *See* (ECF Nos. 113; 116). Both argue that they are former employees of P&F and therefore P&F's agent was not authorized to accept service on their behalf. Troy responds by asserting that defendants have waived that defense by both failing to raise it in their initial Rule 12 motion and making other appearances in the case.

. . .

a. Waiver

Federal Rule of Civil Procedure 12 prohibits a party from raising the defense of insufficient service of process if the party fails to include it in that party's first Rule 12 motion and that defense was available to the party. *See* FED. R. CIV. PRO. 12(g)(2), (h)(1).

Here, defendants raised the defense in their initial motion. Section VI of their initial Rule 12(b) motion makes an abridged version of their argument in the instant motion. *See* (ECF No. 6 at 23). At the time defendants raised this defense, it was premature, and as such, unavailable to them. *See, e.g.*, *Rhodes v. Electronic Data Sys. Corp.*, No. CIV S-06-1715, 2006 WL 2830165, at *2 (E.D. Cal. Sept. 29, 2006). Troy, as it conceded in its response to the first Rule 12 motion, still had time to properly serve defendants. *See* (ECF No. 8 at 18–19). This court will not now punish defendants for Troy's failure to serve them pursuant to that concession.

Further, to the extent that defendants have entered other "appearances" in the case, this court does not find those appearances sufficient to justify waiver. The only appearances Troy points to are pleadings for the petition for removal to this court, the aforementioned 12(b) motion contesting personal jurisdiction, and pleadings to stay discovery while the court adjudicated that 12(b) motion. *See* (ECF Nos. 1; 6; 12; 16). None of those pleadings waive an insufficiency of service defense since defendants raised the defense prematurely and have not filed any other responsive pleadings. *See* FED. R. CIV. PRO. 12(h)(1). Thus, defendants may raise a 12(b)(5) defense in their instant motions.

b. Sufficiency of Service

Troy's responses to defendants' motions do not contest the merits of the arguments at all. Troy never argues that service was sufficient. In this district, courts have held that parties concede to dismissal on that ground when they fail to address a portion of the moving party's argument. *See, e.g., Moore v. Ditech Fin., LLC*, No. 2:16-CV-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017), *aff'd*, 710 F. App'x 312 (9th Cir. 2018) (holding that the plaintiff "conceded to dismissal" of a claim "by failing to oppose the defendants' arguments on this point in their motion to dismiss" (emphasis added)). This, combined with Troy's own admission that it would arrange to have defendants "properly served" individually, bolsters

**James C. Mahan**
**U.S. District Judge**

defendants' motions.  *See* (ECF No. 8 at 18–19).  The court grants defendants' motions and dismisses Troy's complaint.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Childers's motion to dismiss (ECF No. 113) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Johnson's motion to dismiss (ECF No. 116) be, and the same hereby is, GRANTED.

DATED September 16, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**