UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY CAPITAL LLC, | Case No. 2:20-CV-205 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| PATENAUDE & FELIX APC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Troy Capital, LLC ("plaintiff")'s motion for partial summary judgment. (ECF No. 92). Defendants Patenaude & Felix APC ("P&F"), Michael Kahn, and Angie Hong Hoar (collectively, "defendants") filed a response (ECF No. 96), to which plaintiff replied (ECF No. 122).

Also before the court is defendants' countermotion for summary judgment. (ECF No. 97). Plaintiff filed a response (ECF No. 109), to which defendants replied (ECF No. 121).

**I.    Background**

The instant action arises from debt collection services performed by P&F for plaintiff. Plaintiff retained P&F, a law firm, to collect on judgments in California and Arizona, entering into an attorney agreement on July 14, 2016. (ECF No. 1). Under the agreement, P&F agreed to take all necessary steps to keep the pre-judgment debts and obligations from expiring, to file suit and secure judgment on all viable pre-judgment debts, and to collect on and renew all judgments. (*Id.*) Moreover, the agreement included a liquidated damages provision, providing that if P&F failed to renew a judgment, plaintiff may, at its "discretion, require [P&F] to remit to [plaintiff] the entire balance due, or some portion thereof, of such judgment as of the date of the affected judgment expiration." (*Id.*)

**James C. Mahan**
**U.S. District Judge**

Allegedly, defendants allowed hundreds of these judgments to expire. Defendants claim that the expired judgments are older, "flipped" judgments that plaintiff had struggled to collect on for years and were nearly uncollectable—thus worthless. Defendants also claim that plaintiff materially understated the number of these flipped judgments when it sought to retain P&F.

On December 19, 2020, plaintiff filed its underlying complaint in state court alleging a variety of contractual claims. (*Id.*). Defendants removed to this court on January 30, 2020. (*Id.*) Plaintiff and defendants now bring opposing motions for summary judgment. (ECF Nos. 92; 97).

## II.    Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that

**James C. Mahan**
**U.S. District Judge**

party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

Both parties' motions for summary judgment ask the court to decide the same issue: whether the liquidated damages provision of the agreement is enforceable as a matter of law. Plaintiff alleges it is. (ECF No. 92). Defendants contend it is not. (ECF No. 97).

In Nevada, liquidated damages provisions are presumed valid. *Haromy v. Sawyer*, 654 P.2d 1022, 1023 (Nev. 1982). They are designed to provide recourse when actual damages are uncertain or immeasurable. *Joseph F. Sanson Inv. Co. v. 268 Ltd.*, 795 P.2d 493, 496–97 (Nev. 1990). Where liquidated damages serve as a penalty, they are unenforceable. *See Khan v. Bakhsh*, 306 P.3d 411, 414 (Nev. 2013). Liquidated damages are a penalty when they are "disproportionate to the actual damages sustained by the injured party." *Haromy*, 654 P.2d at 1023.

The party challenging the enforcement of the liquidated damages provision bears the burden of proving that the provision constitutes an unenforceable penalty. *Silver Dollar Club v. Cosgriff Neon*, 389 P.2d 923, 925 (Nev. 1964); *see also Mason v. Fakhimi*, 865 P.2d 333, 335 (Nev. 1993). The challenger carries its burden by showing that the liquidated damages are disproportionate to the actual damages sustained by the injured party. *See Prothera, Inc. v. Ye*, No. 3:18-cv-00410-MMD-CLB, 2020 WL 3073345, at *6 (D. Nev. June 10, 2020) (citing *Mason*, 865 P.2d at 335).

The parties dispute the admissibility of defendants' expert's declaration in support of the countermotion. Even setting this testimony aside, there is sufficient evidence to conclude that the liquidated damages provision is an unenforceable penalty.

Defendants' expert, in his initial disclosure, testifies that the actual value of the subject debt accounts would amount to approximately $50,000. *See* (ECF No. 50-3 at 4) (testifying that the portfolio of judgments P&F received has a value of 1% of the face value total collectability) *and* (ECF No. 92-2) (plaintiffs testifying that the face value of the accounts is just over $4.2 million). Plaintiff, on the other hand, seeks to recover more than $4 million, the combined value of each delinquent judgment collected in full. See (ECF No. 92-2). The liquidated damages provision here imposes significant liability for breach in a case where evidence indicates the actual

**James C. Mahan**
**U.S. District Judge**

- 4 -

damages are far lower. *See Khan*, 306 P.3d at 414 (invalidating liquidated damages seeking two-and-a-half times actual damages).

Even if the agreement applies to the disputed judgments, the liquidated damages provision is an unenforceable penalty. *See Haromy*, 654 P.2d at 1023. Plaintiff seeks to recover millions of dollars in excess damages. Defendants needed to only provide evidence that the damages were unreasonable, a burden they have met. *See Prothera*, 2020 WL 3073345 at *6. Plaintiff fails to rebut that analysis, instead attacking the admissibility of evidence that is ultimately unnecessary to adjudicate the motion. Based on defendants' unrebutted expert testimony, the liquidated damages requested far exceed plaintiff's actual damages. They are therefore a disproportionate penalty and are unenforceable as a matter of law.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for partial summary judgment (ECF No. 92) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' countermotion for summary judgment (ECF No. 97) be, and the same hereby is, GRANTED.

DATED September 21, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -