1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TROY CAPITAL LLC,

                      Plaintiff(s),

     v.

PATENAUDE & FELIX APC, et al.,

                      Defendant(s).

Case No. 2:20-CV-205 JCM (DJA)

ORDER

Presently before the court is plaintiff Troy Capital, LLC ("plaintiff")'s motion for reconsideration (ECF No. 153) of this court's order granting defendant's motion for partial summary judgment (ECF No. 149). Defendants Patenaude & Felix APC ("P&F"), Raymond A. Patenaude, Michael Kahn, and Angie Hong Hoar (collectively, "defendants") filed a response (ECF No. 160), to which plaintiff replied (ECF No. 163).

Also before the court is defendants' motion for summary judgment. (ECF No. 127). Plaintiff filed a response (ECF No. 139), to which defendants replied (ECF No. 143).

**I.**    **Background**

The instant action arises from debt collection services performed by P&F for plaintiff. Plaintiff retained P&F, a law firm, to collect on judgments in California and Arizona, entering into an attorney agreement on July 14, 2016. Under the agreement, P&F agreed to take all necessary steps to keep the pre-judgment debts and obligations from expiring, to file suit and secure judgment on all viable pre-judgment debts, and to collect on and renew all judgments. (ECF No. 139-1). Moreover, the agreement included a liquidated damages provision, providing that if P&F failed to renew a judgment, plaintiff may, at its "discretion, require [P&F] to remit to [plaintiff] the entire

James C. Mahan
U.S. District Judge

balance due, or some portion thereof, of such judgment as of the date of the affected judgment expiration." (*Id.*)

Allegedly, defendants allowed 195 of these judgments to expire.  (ECF No. 139 at 9).  Defendants claim that the expired judgments are older, "flipped" judgments that plaintiff had struggled to collect on for years and were nearly worthless.  (ECF No. 127 at 2).  Plaintiff claims that, regardless, it is owed the full face value of those expired judgments because of the liquidated damages provisions.  Additionally, it has produced to defendant a proprietary "loss projection" alleging that it will miss out on at least $852,459.58 of lost revenue because of those judgments expiring, but it has not provided any other evidence to the court or defendants as to a specific amount of damages.  *See* (ECF No. 139 at 14).

On December 19, 2020, plaintiff filed its underlying complaint in state court alleging a variety of legal malpractice claims against P&F and the individual attorneys that handled the judgments.  (ECF No. 1).  Defendants removed to this court on January 30, 2020.  (*Id.*)  After several years of litigation, this court granted defendants partial summary judgment and held that the liquidated damages provision of the attorney agreement was an unenforceable penalty. (ECF No. 149).  Plaintiff now moves to reconsider that decision.  (ECF No. 153).  Defendants also separately move for summary judgment on all remaining claims against them, principally on the theory that plaintiff has never presented evidence that the expired judgments in question were collectable in the first place.  (ECF No. 127).

**II.    Legal Standard**

    **a.  Motion for Reconsideration**

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).  A motion for reconsideration "should not be granted, absent highly unusual circumstances."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On one hand, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

*Kona Enters., Inc.*, 229 F.3d at 890.  On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts.  A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

**b.**  Motion for Summary Judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial."  *Id.*

In determining summary judgment, the court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).  Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case."  *Id.*

**James C. Mahan**
**U.S. District Judge**

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v.*

James C. Mahan
U.S. District Judge

- 4 -

*Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

**III.    Discussion**

    **a.**  <u>Motion for Reconsideration</u>

Plaintiff presents four grounds for reconsideration of the court's partial grant of summary judgment: (1) defendants failed to meet their evidentiary burden; (2) the court improperly failed to grant a Rule 56(d) request to depose; (3) plaintiff's expert is unqualified; and (4) plaintiff's expert's testimony is rebutted by other evidence.  For the reasons discussed below, plaintiff's motion to reconsider is DENIED.

    *i.  Evidentiary Burden*

Plaintiff first argues that this court "overlooked the complete absence" of any evidence of the collectability of the judgments.  (ECF No. 153 at 8).  Plaintiff misconstrues the burdens of proof applicable in this case.

In its original order, this court held

> The party challenging the enforcement of the liquidated damages provision bears the burden of proving that the provision constitutes an unenforceable penalty.  *Silver Dollar Club v. Cosgriff Neon*, 389 P.2d 923, 925 (Nev. 1964); *see also Mason v. Fakhimi*, 865 P.2d 333, 335 (Nev. 1993).  The challenger carries its burden by showing that the liquidated damages are disproportionate to the actual damages sustained by the injured party.  *See Prothera, Inc. v. Ye*, No. 3:18-cv-00410-MMD-CLB, 2020 WL 3073345, at *6 (D. Nev. June 10, 2020) (citing *Mason*, 865 P.2d at 335).

(ECF No. 149 at 4).

Judge Du's persuasive order in *Prothera* also deals with a liquidated damages provision and describes the burden another way:

> the applicable standard does not require Defendant to present any evidence. See, e.g., *Mason*, 865 P.2d at 335 ("In order to prove that such a provision constitutes a penalty, the challenging party must persuade the court that the liquidated damages are disproportionate to the actual damages sustained by the injured party."). Defendant is merely required to persuade the Court.

1   2020 WL 30733545, at *6.

2       "The *plaintiff* in a malpractice action must establish that the underlying judgment lost as

3   the result of the attorney's error could have been collected." *Wise v. DLA Piper LLP*, 220 Cal.

4   App. 4th 1180, 1190 (2013) (emphasis added).  Thus, it is not defendant's burden to establish that

5   the judgments are collectable; it is defendant's burden to persuade the court that the actual damages

6   and liquidated damages are disproportionate to each other.  *See Mason* 865 P.2d at 335.

7       Defendants, as discussed below, produced admissible expert testimony that the collectable

8   value of the judgments (the actual damages) is far lower than the face value (the amount provided

9   in the liquidated damages clause).  Plaintiff provided nothing in its moving papers on these

10   summary judgment motions to rebut that evidence.

11      Defendants' burden was to persuade the court that the actual damages are disproportionate

12   to the liquidated damages.  They have done so.  Plaintiff's argument as to the burden of proof does

13   not provide grounds to reconsider this court's order.  The court did not "overlook" that which

14   defendant was not required to present.

15          *ii. Rule 56(d)*

16      Plaintiff also asserts that it should have been given an opportunity to depose defendants'

17   expert witness, Michael Bendickson.  Setting aside the fact that in its motion for reconsideration

18   plaintiff fails to cite a single authority for this proposition, it did depose Mr. Bendickson in January

19   2021, eight months before this court issued its order on summary judgment.  *See Huntingford v.*

20   *Pharmacy Corp. of Am.,* No. 1:17-CV-1210-RB-LF, 2019 WL 1522338 (D.N.M. Mar. 4, 2019)

21   (denying a Rule 56(d) request as moot when the court had deferred ruling until after the close of

22   the discovery period).

23      Regardless, "[n]either a desire to cross-examine affiant nor an unspecified hope of

24   undermining his or her credibility suffices to avert summary judgment." *Frederick S. Wyle, P.C.*

25   *v. Texaco, Inc.,* 764 F.2d 604, 608 (9th Cir.1985).  Plaintiff's Rule 56(d) request sought Mr.

26   Bendickson's deposition to determine:

27          1.) what 'documentation for the subject debt accounts' he
            allegedly reviewed in connection with forming his opinions
28          (ECF No. 96-2, ¶ 2), as his declaration does not list anything
            specifically; 2) whether his opinions about the value of the

judgments and their 'collectability' are credible, and whether they are based upon any facts or documents produced in this action or identified in his report (id. at ¶¶ 8-9, 13); 3) whether his opinions about the meaning of Paragraph 11 of the Attorney Agreement are a proper subject of expert witness testimony or are improper testimony on legal issues (id. at ¶¶ 10-12); and 4) whether his report should be stricken under *Daubert*.

(ECF No. 109 at 6–7). Each of these requests fail because they do not set forth any *specific* facts plaintiffs hoped to elicit at the (now-completed) deposition; they set forth topics to be discussed, and the third and fourth requests are specific legal questions to which a deposition is wholly irrelevant. The court will not reconsider on this ground because it did not "overlook" plaintiff's Rule 56(d) request.

### iii.  *Expert Qualification*

Plaintiff also asserts that Mr. Bendickson's testimony should not be considered because he is not a credible witness pursuant to *Daubert*. It bases this argument on testimony from his deposition, which occurred in January 2022, eight months before this court's order on summary judgment entered on September 21, 2022.

"Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). Plaintiff offers no explanation as to why it has never moved to strike Mr. Bendickson's declarations or exclude his testimony under *Daubert*, and the court will not employ the extraordinary remedy of reconsideration to address an argument that plaintiff has presented only in response to an unfavorable summary judgment.

### iv.  *Other Evidence*

Finally, plaintiff contends that a litany of evidence presented in its response to a subsequent motion for summary judgment rebuts Mr. Bendickson's opinion and necessitates reconsideration of this court's previous order. As above, this is the first time these arguments have been brought in relation to the motion underlying this request for reconsideration, and the court will not consider them.

Plaintiff's papers on the dueling partial summary judgment motions focused on the burden of proof and argued that defendants' failure to produce evidence required a finding in its favor.

James C. Mahan
U.S. District Judge

- 7 -

1    That plaintiff made a tactical miscalculation and failed to present this evidence of collectability in

2    those moving papers does not now require this court to consider a wholly separate line of argument

3    to give plaintiff a second bite at the apple.  Plaintiff may have presented this argument in later

4    papers on other issues, but it never presented this argument in response to defendants' motion, or,

5    indeed, to support its own motion as to the liquidated damages clause.  Thus, reconsideration is

6    not warranted based on arguments put in the record after the instant motion.[1]

7        Having found no reason to reconsider its order, this court DENIES plaintiff's motion.  The

8    liquidated damages clause is unenforceable as a matter of law, and partial summary judgment to

9    defendants on that issue was appropriate.

10       b.  Motion for Summary Judgment

11       Declining to reconsider its prior order, the court now considers defendants' motion for

12   summary judgment.  Defendants move for summary judgment on all claims against them.

13       As this court has determined twice, the liquidated damages provision—paragraph 11 of the

14   attorney agreement—is an unenforceable penalty.  Therefore, there is no genuine dispute of fact

15   as to plaintiff's entitlement to the full $4 million figure it seeks, nor is there a dispute as to plaintiff's

16   entitlement to the full face value of the judgments—just over $3 million.

17       i.  *The Legal Malpractice Claims*

18       It is axiomatic that a plaintiff bears the burden of proving each element of its claim in a

19   negligence tort action, of which legal malpractice is a species.  *Day v. Zubel*, 922 P.2d 536, 538

20   (Nev. 1996).  In Nevada, "legal malpractice is premised upon an attorney-client relationship, a

21   duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of

22   the client's damages."  *Semenza v. Nev. Med. Liab. Ins. Co.*, 765 P.2d 184, 185 (Nev. 1988).

23   Specifically, in a legal malpractice claim, a plaintiff must "demonstrate actual loss or damage

24   resulting from the attorney's alleged misconduct."  *See Gustafson v. Schwarz,* No. 2:13-CV-

25   02197-RCJ, 2015 WL 557066, at *4 (D. Nev. Feb. 11, 2015) (citing *Day*, 922 P.2d at 538).

26   _____

27       [1] Regardless, plaintiff's experts provide a top-end valuation of approximately $852,459.58,
     a far cry from the $4 million the liquidated damages provision contemplates.  Liquidated damages
28   that roughly quintuple plaintiff's expert's damages calculations would remain unreasonable.  *See
     Khan v. Bakhsh*, 306 P.3d 411, 414 (Nev. 2013) (invalidating liquidated damages seeking two-
     and-a-half times actual damages).

**James C. Mahan**
**U.S. District Judge**

1    In this case, the expired judgments are the alleged damages.  But for there to have been

2  actual loss, those judgments must have been collectable.  The parties dispute which side bears the

3  burden on this issue: must plaintiff prove that the judgments were collectable, or must defendant

4  prove that they were uncollectable and overcome a presumption of collectability.

5    The Nevada Supreme Court has not addressed the issue.  Plaintiff points to several non-

6  binding decisions from other states, as well as the Restatement (Third) of The Law Governing

7  Lawyers § 53 comment b, and claims that the Nevada Supreme Court would place the burden on

8  defendant were it to address the issue because of its reliance on the Restatement in other cases.

9    The relevant Restatement comment states, in full,

> the lawyer's misconduct will not be the *legal cause* of loss to
> the extent that the defendant lawyer can show that the judgment
> or settlement would have been uncollectible, for example
> because the previous defendant was insolvent and uninsured.
> The defendant lawyer bears the burden of coming forward with
> evidence that this was so. Placement of this burden on the
> defending lawyer is appropriate because most civil judgments
> are collectible and because the defendant lawyer was the one
> who undertook to seek the judgment that the lawyer now calls
> worthless. The burden of persuading the jury as to collectibility
> remains upon the plaintiff.

Restatement (Third) of the Law Governing Lawyers § 53, cmt. b (2000) (emphasis added).
According to plaintiff, this comment places the burden on the defendant law firm to prove that
there was no actual damage.  However, plaintiff's parsing of the comment misrepresents it.

The comment states that a defendant law firm can rebut the "cause" element of a
malpractice action by showing that the judgment was uncollectable.  This burden shifting language
says nothing of proving the actual damages resulting from that cause.  Defendants' summary
judgment motion does not dispute that, if there were damages, the failure to renew was the cause
of those damages.  It disputes that there were any damages at all.

"The burden of persuading the jury as to collectability remains upon the plaintiff."  *Id*.  A
jury is a finder of fact, not law.  Given that, this statement must refer to something other than the
"legal cause" mentioned earlier in the comment; it must refer to a question of fact, like damages.
*See id.*  Thus, this seemingly inconsistent comment is, in fact, consistent.  While defendant may
negate the cause element by producing evidence of uncollectability, the ultimate burden of

1  persuading the factfinder that the judgment was collectable and there were actual damages is

2  plaintiff's, not defendants'.

3  With the burdens allocated appropriately, to succeed on any of the legal malpractice claims,

4  plaintiff must provide evidence of actual damages.  *See Day*, 922 P.2d at 538. As mentioned

5  previously, the court has found that the liquidated damages clause is invalid.  (ECF No. 149).  So,

6  to succeed on its legal malpractice claims, plaintiff must provide some other evidence of actual

7  damages, namely that *these particular judgments* were collectable.

8  Plaintiff presents essentially three categories of evidence that purport to prove damages.

9  First, it points to a "loss projection" prepared by its own CEO.  (ECF No. 139 at 14).  While it

10  claims to have produced this document to defendants, it has not produced it to the court due to it

11  containing a "proprietary" model.  (*Id.*)  Regardless, a single, self-serving piece of evidence that

12  is uncorroborated is not sufficient to defeat summary judgment.  *See Villiarimo v. Aloha Island*

13  *Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).  There is nothing to support the veracity of this

14  alleged projection other than plaintiff's *ipse dixit*.  While it claims that collection of *other*

15  California judgments proves that the model is accurate, those judgments are not the ones in

16  question.  This purported loss projection is nothing but plaintiff's own self-serving conjecture.

17  Second, plaintiff claims that the fact that its current law firm has collected approximately

18  $475,000 "on similar California judgments" is corroborating evidence that the expired judgments

19  were valuable.  (ECF No. 139 at 15).  That a subsequent law firm collected on different judgments

20  is inapposite.  These judgments are, obviously, not the expired judgments.  Even if the new law

21  firm has collected on those judgments, that says nothing about whether the expired judgments

22  themselves were collectable.  Without evidence that the specific judgments that expired were

23  collectable, there is no evidence of any actual damages.

24  Finally, plaintiff points to expert testimony, including from defendants' own experts, that

25  purports to prove there are damages in this case.  All of this expert testimony discusses the value

26  of judgments generally.  Plaintiff's expert Christopher Runci fails to opine on the value of each

27  judgment and concludes that the appropriate value is the face value as represented by the liquidated

28  damages clause.  (ECF No. 139-3 at 7).  The Selik report concludes that the liquidated damages

1    provision represents the appropriate measure of damages, a contention this court has already

2    dispensed with several times.  *See* (*id.* at 47).  The cited portion of Mr. Bendickson's testimony

3    simply concludes that an expired judgment would be purchased at a lower value.  (*Id.* at 199).

4    Likewise, the citation to Mr. Kahn's testimony shows that expiration of a judgment ends

5    collectability but does not opine as to whether the 195 judgments were collectable in the first place.

6    (*Id.* at 277).  Finally, the cited portions of Mr. Moore's testimony conclude materially the same

7    thing—expiration ends collectability—but he also does not opine as to whether the judgments were

8    collectable at all.  (*Id.* at 324).  He, in fact, concludes the opposite—that there is no evidence in

9    the record to support that any one of the judgments was collectable.  (*Id.* at 342).

10          Only one of the experts that plaintiff cites concludes that there were any damages as a result

11   of these specific judgments—Professor Ogden.  Professor Ogden's expert report makes a

12   conclusory assumption that, in his opinion, "it is certain (if not extremely likely) that the plaintiff

13   would have recovered some money damages" from the subject accounts.  (*Id.* at 22).  He provides

14   no methodology underlying his conclusion, nor is there anything to provide the jury any basis from

15   which to fairly estimate damages.  Thus, this testimony, standing alone, will not defeat summary

16   judgment.  *See HP Tuners, LLC v. Cannata,* No. 3:18-CV-00527-LRH-WGC, 2022 WL 562625,

17   at *8 (D. Nev. Feb. 24, 2022) (citing *Weinberg v. Whatcom Cnty,* 241 F.3d 746, 751 (9th Cir.

18   2001) and *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 808 (9th Cir. 1988)).

19          Having provided no evidence of actual damages, plaintiff has failed to carry its burden to

20   prove each essential element of its claim.  *See Day*, 922 P.2d 536, 538 (1996).  Summary judgment

21   is therefore appropriate.  *See U.S. ex rel Wells Cargo, Inc. v. Alpha Energy & Elec., Inc.*, No. 2:18-

22   CV-1182-JCM-EJY, 2022 WL 7757475, at *3 (D. Nev. Oct. 12, 2022) (finding summary judgment

23   appropriate when plaintiff did not produce admissible evidence of actual damages, and damages

24   were an essential element of the claim).  The court therefore GRANTS defendants' motion as to

25   plaintiff's variously styled legal malpractice claims.

26                   ii.   *The Gross Negligence Claim*

27          In Nevada, a claim for gross negligence requires a plaintiff show that defendant failed "to

28   exercise even the slightest degree of care."  *Hart v. Kline*, 116 P.2d 672, 673–74 (Nev. 1941).  It

**James C. Mahan**
**U.S. District Judge**

1    must amount "'to indifference to present legal duty, and to utter forgetfulness of legal obligations

2    so far as other persons may be affected' but 'falls short of being such reckless disregard of probable

3    consequences as is equivalent to a willful and intentional wrong.'"  *Porchia v. City of Las Vegas*,

4    504 P.3de 515, 521 (Nev. 2022) (quoting *id.* at 674).

5         Plaintiff's opposition does not address the merits of this claim.  Regardless, it fails for the

6    same reason as above.  There is no evidence that any of the judgments were collectable.  There is

7    therefore no evidence of actual damages.  Any claim for negligence, whether garden variety or

8    gross, requires there have been (1) duty, (2) breach of that duty, (3) causation by defendants, and

9    (4) resultant damages.  *See, e.g.*, *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev.

10   2009).  Because of the lack of damages, summary judgment is appropriate here, and the court

11   GRANTS defendants' motion as to plaintiff's gross negligence claim.

12              iii.   *The Fraud Claim*

13        Plaintiff's ninth claim for fraud/fraudulent concealment fares no better.  Both fraud and the

14   more specific claim of fraudulent concealment require damages as an element of the cause of

15   action.  *See Nevada Power Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1413, 1415 (D. Nev. 1995).

16   As the court has addressed above, there is no evidence that any of the judgments were actually

17   collectable, therefore there is no evidence of damages.

18        It may be that plaintiff lost revenue because the judgments expired.  It is impossible to

19   know that, however, without evidence that the judgments were collectable in the first place.  To

20   say that a judgment could have been collectable had certain preconditions (the debtor found

21   employment, gained assets, etc.) occurred is entirely speculative.  Because the court has

22   determined that the liquidated damages clause is an unenforceable penalty and plaintiff has failed

23   to demonstrate damages resulting from collectable judgments, the alleged misrepresentations—if

24   they even were misrepresentations—do not satisfy the elements of fraud or fraudulent

25   concealment.  Summary judgment is appropriate based on the lack of damages evidence and the

26   court GRANTS defendants' motion as to plaintiff's ninth claim.

27              iv.   *The Respondeat Superior Claim*

28

**James C. Mahan**
**U.S. District Judge**

1        Plaintiff's eighth claim for respondeat superior liability must also be rejected.  Respondeat

2   superior is not an independent claim; it is a theory of liability for other claims.  *See Fernandez v.*

3   *Penske Truck Leasing Co.,* No. 2:12-CV-295-JCM-GWF, 2012 WL 1832571, at *1 n.1 (D. Nev.

4   May 18, 2012).  Again, as the court has determined above, there is no evidence of actual damages.

5   Therefore, none of plaintiff's claims survive as to the defendant law firm or the individual attorney

6   defendants, and summary judgment is appropriate for plaintiff's eighth "claim" which asserts a

7   theory of liability under which it might have pursued its actual claims.

8   **IV.    Conclusion**

9        Accordingly,

10        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for

11   reconsideration (ECF No. 153) be, and the same hereby is, DENIED.

12        IT IS FURTHER ORDERED that defendants' motion for summary judgment (ECF No.

13   127) be, and the same hereby is, GRANTED.

14        DATED January 18, 2023.

15

16   UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**